United States District Court
Southern District of Texas

**ENTERED**

October 19, 2022

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| REYNALDO GILBERTO          , | § | |
| PADILLA-TORRES, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-143 |
| | § | CRIM. ACTION NO. 1:21-655-1 |
| UNITED STATES OF AMERICA, | § | |
|     Respondent. | § | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On October 17, 2022, Petitioner Reynaldo Gilberto Padilla-Torres filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

After conducting that review, the Court recommends that the petition be denied. Padilla-Torres's petition is substantively meritless.

## I. Background

### A. Factual Background

#### 1. Indictment & Guilty Plea

On July 20, 2021, the grand jury indicted Padilla-Torres and three co-defendants with (1) conspiracy to possess with the intent to distribute more than 50 kilograms of marihuana; and (2) possession with the intent to distribute more than 50 kilograms of marihuana. U.S. v. Padilla-Torres, Criminal No. 1:21-655-1, Dkt. No. 30 (J. Rodriguez presiding) [hereinafter CR].

On October 5, 2021, Padilla-Torres pled guilty before the District Judge, but did not enter into a plea agreement with the Government. CR Dkt. No. 96.

### 2. Presentence Report

In the final presentence report ("PSR"), Padilla-Torres was assessed a base offense level of 22, because his relevant conduct was determined to involve 91.03 kilograms of marihuana. CR Dkt. No. 96, pp. 8-10.  He was given a three-level reduction for acceptance of responsibility. Id.  Thus, Padilla-Torres had a total offense level of 19. Id.

Regarding his criminal history, Padilla-Torres had no adult criminal convictions and was assessed 0 criminal history points, resulting in a criminal history category of I. CR Dkt. No. 96, p. 11.  An offense level of 19 and criminal history category of I, produced a sentencing guideline imprisonment range of 30 to 37 months.  Padilla-Torres filed a statement that he did not object to the PSR. CR Dkt. No. 94.

### 3. Sentencing

On March 22, 2022, the Court held the sentencing hearing. CR Dkt. No. 125.  The Government moved that Padilla-Torres receive the benefit of safety valve under 18 U.S.C. § 3553(f)(1)-(5) and U.S.S.G. § 5C1.2.  As a result of receiving the benefit of safety valve, Padilla-Torres received an additional two-level reduction in his total offense level. CR Dkt. No. 96, pp. 13-14.  As a result, his new guideline sentencing range was 24 to 30 months. Id.

The Court sentenced Padilla-Torres to 24 months imprisonment, and two years of supervised release. CR Dkt. No. 125.  Judgment was entered on March 30, 2022. Id.

Neither the District Court docket nor the Fifth Circuit docket reflect the filing of a direct appeal. A notice of appeal must be filed within 14 days from the entry of judgment. FED. R. APP. P. 4(b)(1)(A), 26(a)(2).  Therefore, Padilla-Torres's deadline for filing a notice of appeal passed on April 13, 2022.  His conviction became final on that date. U.S. v. Scruggs, 691 F.3d 660, 669 (5th Cir. 2012) ("When a defendant does not file a direct appeal, his conviction becomes final on the day when the time for filing a direct appeal expires.").  A defendant must file a § 2255 motion within one year of his conviction becoming final. 28 U.S.C. § 2255(f)(1).

**B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255**

On October 17, 2022, Padilla-Torres timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.

Padilla-Torres makes one claim: Congress acted unreasonably by proscribing marihuana as a controlled substance. Dkt. No. 1, p. 4.

Because this petition can be resolved solely on the record, the Court has not ordered the Government to respond.

## II.  Applicable Law

### A. Section 2255

Padilla-Torres seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1.  As relevant here, that section provides:

> (a)  A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001).  Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

## III. Analysis

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255.  Further, where the information available in

the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Padilla-Torres's claim, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Padilla-Torres's claim.

### A. Congressional Authority

Padilla-Torres argues that Congress acted unreasonably by proscribing marihuana as a dangerous controlled substance. This claim is meritless.

The Supreme Court has held that Congress has the constitutional authority, under the Commerce Clause, to prohibit the importation, manufacturing, and distribution of marihuana. Gonzales v. Raich, 545 U.S. 1, 22 (2005). Padilla-Torres's claim is foreclosed by Supreme Court precedent, which this Court must follow. Medellin v. Dretke, 371 F.3d 270, 280 (5th Cir. 2004) ("only the Supreme Court may overrule a Supreme Court decision.")

This claim should be denied.

## IV.  Recommendation

It is recommended that the Petitioner Reynaldo Gilberto Padilla-Torres's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

### A.  Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1).  A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).  To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006).  A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Padilla-Torres's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason.  Although Padilla-Torres's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1).  A party filing objections must specifically identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings

without conducting a <u>de novo</u> review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. <u>Alexander v. Verizon Wireless Servs., L.L.C.</u>, 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on October 19, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge